# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF DELAWARE

| | | |
|---|---|---|
| DYNAMIC ENERGY, INC., a West Virginia, Corporation, | ) ) ) | |
|       Plaintiff/Counterclaim-Defendant, | ) ) | |
| v. | ) ) | |
| CM ENERGY HOLDINGS, LP, a Delaware limited partnership, | ) ) ) | C.A. No. 19-265-LPS |
|       Defendant/Counterclaim-Plaintiff, | ) ) | |
| v. | ) ) | |
| JAMES C. JUSTICE, II, | ) ) | |
|       Counterclaim-Defendant. | ) ) | |
| DYNAMIC ENERGY, INC., a West Virginia Corporation, | ) ) ) | |
|       Plaintiff/Counterclaim-Defendant, | ) ) | |
| v. | ) ) | C.A. No. 19-635-LPS |
| CM ENERGY PROPERTIES, LP, a Delaware limited partnership, | ) ) ) | |
|       Defendant/Counterclaim-Plaintiff. | ) ) | |

## DEFENDANTS' MOTION TO CONSOLIDATE
## FOR PURPOSES OF DISCOVERY AND PRE-TRIAL MATTERS

Pursuant to Federal Rule of Civil Procedure 42(a), Defendants CM Energy Holdings, LP ("CM Energy") and CM Energy Properties, LP ("CM Properties"), respectfully move this Court to consolidate the above-captioned actions into C.A. No. 19-265-LPS for purposes of discovery and pre-trial matters, up to and including the resolution of case-dispositive motions.

## INTRODUCTION

These cases arise from a January 2017 purchase and sale transaction pursuant to which CM

Energy and certain of its affiliates purchased a coal mine ("Coal Mountain") and processing plant from Plaintiff Dynamic Energy, Inc. ("Dynamic") and certain of its related entities. As part of that transaction, the parties executed a purchase and sale agreement concerning CM Energy's purchase of the Coal Mountain, as well as a series of ancillary agreements—only one of which is at issue here—to facilitate the parties' continued mining activities in and around the mine.

On February 7, 2019, Dynamic filed a complaint in the action styled as *Dynamic Energy, Inc. v. CM Energy Holdings, LP*, 1:19-cv-265-LPS (the "Earn-Out Case"), asserting claims for declaratory judgment and breach of contract against CM Energy based on its purported breach of an earn-out provision contained in that certain Amended and Restated Purchase Agreement between Dynamic (as seller), CM Energy (as purchaser), and solely with respect to Articles 5 and 8, Bluestone Resources Inc. (Dynamic's parent), dated January 27, 2017 (the "Coal Mountain Agreement"). CM Energy answered Dynamic's complaint in the Earn-Out Case and asserted counterclaims for declaratory judgment, breach of contract, and enforcement of a guarantee against counterclaim-defendant James C. Justice, II on March 15, 2019. No initial conference with the Court has been scheduled in the Earn-Out Case, and no discovery has occurred to date.

On June 13, 2019, Dynamic filed an amended complaint in a second cause of action styled as *Dynamic Energy, Inc. v. CM Energy Properties, LP*, 1:19-cv-635-LPS (the "Sublease Case"), asserting declaratory judgment and breach of contract claims against CM Properties based on its purported breach of that certain Sublease Agreement between CM Properties (as sublessor) and Dynamic (as sublessee), also dated January 27, 2017 (attached hereto as Exhibit A, the "Sublease Agreement").[1] Pursuant to the Sublease Agreement, CM Properties subleased back to Dynamic

---

[1] Dynamic filed its original complaint on April 4, 2019, but erroneously named CM Energy as the defendant. Dynamic's original complaint was never served on CM Energy or CM Properties, and Dynamic subsequently amended its complaint on June 13, 2019, to assert its claims against CM Properties.

certain interests, rights and privileges to underground coal and coal minerals under a March 20, 1957 lease with various landowners as lessors (the "Ettenger Lease"), which CM Energy acquired from Dynamic in the Coal Mountain transaction. CM Properties answered Dynamic's complaint in the Sublease Case and asserted counterclaims against Dynamic on July 12, 2019.

As discussed below, CM Energy and CM Properties respectfully submit that consolidating these cases for purposes of discovery and pre-trial matters will further judicial economy and efficiency because these actions involve common legal issues and witnesses, overlapping parties and counsel, and are in procedurally identical stages of pre-discovery litigation.

## ARGUMENT

Under Federal Rule of Civil Procedure 42(a), this Court has broad discretion to consolidate actions that share a common question of law or fact where consolidation would "facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964); *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) (granting motion to consolidate where "[c]onsolidation will encourage orderly pretrial discovery, save witness time and expense, [and] avoid duplicitous filings"); *Leonard v. Stemtech Int'l., Inc.*, 2012 WL 3655512, at *12 (D. Del. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 4591453 (D. Del. Sept. 28, 2012) (granting motion to consolidate because consolidation would not "generate undue inconvenience, delay, expense or the risk of inconsistent results"). The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (internal citations omitted). Thus, "[i]n the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003).

While at least "minimal factual and legal overlap" is required, Delaware courts consolidate matters even if they have distinct legal and factual issues where consolidation "will be more efficient than managing the cases separately" and no "expense or fairness issues . . . marshal against consolidat[ion]." *Syngenta Seeds, Inc. v. Monsanto Co.*, 2005 WL 678855, at *3 (D. Del. Mar. 24, 2005); *Leonard*, 2012 WL 3655512, at *11 ("Cases need not share complete identity of law or facts for consolidation to be appropriate."). To determine whether cases sufficiently overlap to warrant consolidation, Delaware courts consider, *inter alia*, whether the "two cases assert the same basic causes of action," *Leonard*, 2012 WL 3655512, at *11, and implicate "the same witnesses, documents and exhibits." *Waste Distillation,* 775 F. Supp. at 761.

The Earn-Out and Sublease Cases easily satisfy this standard. Both cases "assert the same basic causes of action," *Leonard*, 2012 WL 3655512, at *11—straightforward breach of contract and declaratory relief claims under two contracts executed on the same day in connection with CM Energy's acquisition of the Coal Mountain and Dynamic's associated assets. *See Borough of Edgewater v. Waterside Constr., LLC*, 2017 WL 1758062, at *3 (D.N.J. May 3, 2017) (holding consolidation was appropriate where cases concerned alleged breach of contracts executed in conjunction with asset sale). Both cases will likewise involve many of the same witnesses, as the parties involved in negotiating, executing, and performing the relevant contacts are the same. *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1310 (D. Del. 1981) (ordering consolidation where cases involved a large number of the same witnesses). Additionally, the Sublease Agreement explicitly incorporates the Coal Mountain Agreement. *See* Ex. A § 1(c). Thus, consolidation will foster discovery efficiencies for the parties because, for example, these witnesses could be deposed only once on both sets of claims. Similarly, while two different contracts are at issue, the agreements were negotiated at the same time during the same overarching

transaction, meaning there will likely be overlap in the documents at issue. *See Rohm*, 525 F. Supp. at 1310 (opining that, absent consolidation of cases involving the same witnesses and documents, "wasteful duplication" would result).

Additionally, there is significant overlap among the parties in both matters. Dynamic is the plaintiff in both cases. CM Energy, defendant in the Earn-Out Case, is the parent of CM Properties, the defendant in the Sublease Case. And, the parties are represented by the same counsel in both actions. *Eastman Chem. Co. v. AlphaPet Inc.*, 2011 WL 7121180, at *4 (D. Del. Dec. 29, 2011) (finding consolidation appropriate, in part, because of the "significant interrelationship among the defendants, which are all directly or indirectly related corporations represented by the same counsel"); *Project Lifesaver Int'l v. JJCK, LLC*, 2011 WL 2619073, at *1 (D. Del. July 1, 2011) (stating overlap in parties was one factor justifying consolidation); *Leonard*, 2012 WL 3655512, at *11 (ordering consolidation of two cases despite a number of factual and legal differences between them because they presented "minimal factual and legal overlap" and because consolidation would serve judicial efficiency) (internal citations omitted).

Finally, there is no indication consolidation would result in any confusion, inconvenience, or prejudice. *Tracinda Corp. v. DaimlerChrysler AG*, 2001 WL 849736, at *3 (D. Del. July 26, 2001) (finding these risks moot where the plaintiffs "will still be able to pursue any individual claims they have and will still be able to maintain their respective attorneys" and "in the Court's view, consolidation will further those goals by requiring the parties to coordinate their efforts while simultaneously increasing the efficient handling of the cases and easing the administrative burdens on the Court"). Importantly, while the specific facts underlying the breach of contract allegations in the Earn-Out and Sublease Cases may differ, CM Energy only seeks consolidation of pre-trial matters at this juncture and the parties both waived jury trials, so there is no risk of jury confusion.

*See Eastman*, 2011 WL 7121180, at *8 (instructing Rule 42(a) permits consolidation for pre-trial matters while maintaining separate trials); *see also Tracinda*, 2001 WL 849736, at *3 (ordering "consolidation for pre-trial and discovery purposes," while "reserv[ing] decision on the question of consolidation for trial purposes"). Moreover, as discussed above, the parties are represented by the same counsel in both actions. There is little risk that either the parties or the Court would be confused by the consolidation of these matters for pre-trial purposes.

Finally, both cases are in their nascent, pleading stages, and there has been no initial status conference or discovery in either matter. Thus, consolidation will promote efficient and expeditious coordination of discovery for the parties and the Court, as well as significantly reduce the parties' litigation costs. *Eastman*, 2011 WL 7121180, at *7 (considering similar procedural posture of cases in granting consolidation).

## **CONCLUSION**

For the foregoing reasons, CM Energy and CM Properties respectfully request that this Court consolidate the above-captioned actions for purposes of coordinating discovery and pretrial matters.

Dated:  July 15, 2019

OF COUNSEL

Sarah E. Williams
Anna G. Rotman
Kirkland & Ellis
609 Main Street
Houston, TX 77002
sarah.williams@kirkland.com
anna.rotman@kirkland.com

BAYARD, P.A.

 /s/ Elizabeth A. Powers
Brett M. McCartney (No. 5208)
Elizabeth A. Powers (No. 5522)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone:  (302) 655-5000
bmcartney@bayardlaw.com
epowers@bayardlaw.com

*Attorneys for Defendant/Counterclaim-Plaintiff CM Energy Holdings, LP and CM Energy Properties, LP*